William T. Collins, S.
The first codicil to the will of the testatrix was executed on November 17, 1953 a few months before the decisions construing the will of her husband (Matter of Campe, 130 N. Y. S. 2d 458) and that of her brother-in-law (Matter of Campe, 205 Misc. 699). However, the problem in the construction of those wills had revealed themselves to the testatrix several months prior to the making of the first codicil, for in August, 1953 the testatrix as one of the executors under her husband’s will had petitioned the court for a construction of his will in relation to the allocation of estate taxes. Her own will would have presented the same problem of construction-because the text of article IX of her will and the text of the respective wills in the cited cases were almost identical. Article IX of her will was amended by the first codicil in what was quite patently an attempt to avoid the result reached in those cases. The third codicil also amended article IX to include an additional charity. The third codicil to her will was executed subsequent to both of the cited decisions.
In the prior decisions this court held that the provisions of the respective wills relating to estate taxes relieved the specified legacies from their prorata share of the tax burden and shifted that particular part of the tax burden to the residuary, or to a designated part thereof, with the result that the residuary legacies to charity were reduced by the transferred tax burden. The court said that the imposition of this burden ‘£ results from the mandate of the testator, not the statute ”, and the charges so transferred are deducted from the residue 1 ‘ before the division into shares ” (130 N. Y. S. 2d 458, 459).
The codicils now before the court direct, as did the other wills, that estate taxes payable by reason of property passing under designated articles of the will shall be borne by and paid out of the residuary estate but there is added by the codicils this new text: ‘£ except that I direct and expressly provide that none of the aforesaid taxes shall, directly or indirectly, be borne or paid by The Ed Lee and Jean Campe Foundation, Inc. or the *36 Elizabethtown Community Hospital, and that the bequests payable to said Foundation hereunder and the bequest payable to said Hospital hereunder shall be computed and determined prior to the deduction from my residuary estate of any said taxes.” Here the testatrix has said explicitly that the transferred burden shall not fall upon the two charities, “ directly or indirectly ” and that division of the residue into shares, insofar as these two legatees are concerned, shall precede any deductions of estate taxes from the residue. Under the statutory rule of apportionment, the two charities receive the benefits of their respective exemptions with the result, so the Attorney-General states in his brief, that no tax will be apportioned under the statute against these two shares. In that event, all estate taxes will be apportioned against the residuary legatees other than the two named charities. The charities are freed from the transferred burden by express command of the testatrix and from any tax burden resulting from their own legacies by direct command of section 124 of the Decedent Estate Law.
Submit decree on notice construing the will accordingly.